# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| **BROWN AND BROWN OF MISSISSIPPI, LLC** | **PLAINTIFF/ COUNTER-DEFENDANT** |
| v. | CAUSE NO. 1:16CV327-LG-RHW |
| **SHERRIE BAKER** | **DEFENDANT/ COUNTER-PLAINTIFF** |

## ORDER GRANTING MOTION TO STRIKE
## <u>EXPERT AFFIDAVIT OF STEVE GREGORY</u>

**BEFORE THE COURT** is Brown and Brown of Mississippi, LLC's Motion [68] to Strike Expert Affidavit of Steve Gregory. The Motion has been fully briefed. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion should be granted.

## BACKGROUND

Brown, an insurance agency, filed this lawsuit against its former employee, Sherrie Baker, asserting claims for injunctive relief, violations of the Mississippi Uniform Trade Secrets Act, and tortious interference with prospective business relations. Baker filed several counterclaims alleging employment discrimination based on her age and gender.

In support of her Motion [64] for Summary Judgment, Baker submitted an affidavit signed by Steve Gregory. In the affidavit, Gregory testifies:

> In my capacity as a Healthcare Benefits insurance consultant, and on the basis of my professional and personal knowledge during my approximately thirty-two years in the industry, I have gained expert knowledge of the practices and requirements necessary to be able to

sell and be a Healthcare Benefits insurance consultant, and service
accounts and customers associated with Healthcare Benefits Plans.

(Aff. at 1, ECF No. 64-2). He offers opinions concerning the requirements for serving as a healthcare benefits consultant. He further opines that "it is [his] expert opinion that Brown and Brown of Mississippi, LLC does not have any personnel appointed with any accident, health, and life insurance carrier and, therefore, cannot sell or service Healthcare Benefit Insurance or Plans in their Gulfport, MS office." (*Id.* at 3). He also claims that it would be a public disservice to prevent a consultant from contacting clients during the insurers' open enrollment period, which typically takes place each fall. (*Id.*)

Brown moves to strike Gregory's affidavit, because Baker did not timely designate him as an expert. Baker does not dispute that Gregory was not timely designated, but she asserts that she is offering him as a fact witness only.

## DISCUSSION

Federal Rule of Evidence 701 provides that, for lay witnesses, "testimony in the form of an opinion [is] limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge." As a result, the Fifth Circuit has held that "a lay opinion must be based on personal perception, must be one that a normal person would form from those perceptions, and must be helpful to the jury." *United States v. Riddle*, 103 F.3d 423, 428 (5th Cir. 1997).

> [T]he distinction between lay and expert witness testimony is that lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field . . . . [A] lay opinion must be the product of reasoning processes familiar to the average person in everyday life. Moreover, any part of a witness's opinion that rests on scientific, technical, or specialized knowledge must be determined by reference to Rule 702, not Rule 701.

*United States v. Yanez Sosa*, 513 F.3d 194, 200 (5th Cir. 2008) (internal quotation marks and citations omitted).

Gregory's opinions are expert opinions because his opinions are not based on his personal perception but are informed by his experience and training. Baker apparently concedes that Gregory should not be permitted to testify as an expert. Therefore, Brown's Motion to Strike is granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Brown and Brown of Mississippi, LLC's Motion [68] to Strike Expert Affidavit of Steve Gregory is **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 7th day of November, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE